UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.92.70.50,<br><br>　　　　Defendant. | Case No.　26-cv-01466-EJD<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. No. 7 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") brings this action against an unknown individual (the "Doe Defendant") who allegedly used BitTorrent to illegally download and distribute Strike 3's copyrighted adult films.  Strike 3 now seeks leave to serve a subpoena compelling non-party Comcast Cable Communications, LLC ("Comcast") to identify this unknown individual associated with the IP address 73.92.70.50.  Appl., ECF No. 7.

Based on Strike 3's submissions, the Court **GRANTS** leave to serve a subpoena on Comcast subject to the specific conditions outlined below. Because many courts have raised concerns that Strike 3 could be pursuing potentially innocent internet service provider ("ISP") account owners who are often embarrassed into early settlements, the identity of the Doe Defendant shall be protected unless and until further ordered by the Court.

I.　**BACKGROUND**

Strike 3 owns the copyrights for several adult motion pictures that are associated with and distributed through various adult websites.  Compl. ¶¶ 1–3, ECF No. 1.  Using a specialized infringement detection system it developed, Strike 3 discovered the IP address of the Doe Defendant who allegedly infringed Strike 3's copyrights. *Id.* ¶¶ 27–44. Specifically, Strike 3

Case No.: 26-cv-01466-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA
1

United States District Court
Northern District of California

alleges that the Doe Defendant used BitTorrent's file network to illegally download and distribute seventy of Strike 3's copyrighted works. *Id.* ¶¶ 4, 44; *see also id.*, Ex. A. On February 19, 2026, Strike 3 filed this case, asserting one claim of direct copyright infringement and seeking an injunction and statutory damages. *Id.* at 7–8.

## II. LEGAL STANDARD

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts in the Ninth Circuit generally consider whether a plaintiff has shown "good cause." *See, e.g., Io Grp., Inc. v. Does 1–65, individuals*, No. 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

In evaluating whether a plaintiff has established good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff:

(1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court;

(2) recounts the steps taken to locate and identify the defendant;

(3) demonstrates that the action can withstand a motion to dismiss; and

(4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process.

*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations omitted). "[W]here the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Case No.: 26-cv-01466-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA

2

United States District Court
Northern District of California

United States District Court
Northern District of California

## III.     DISCUSSION

### A.     Strike 3's Litigation History

Before turning to the merits of the application, the Court begins by providing an overview of Strike 3's litigation history as context for the Doe Defendant or any other party who may receive this Order.  The Court has done the same in similar cases brought by Strike 3.  *See, e.g., Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 73.231.214.39*, No. 5:23-CV-05468-EJD, 2023 WL 8458262, at *1 (N.D. Cal. Nov. 27, 2023).  Given the informational disparity and matrix of undesirable options facing an ISP subscriber served with Strike 3's complaint, this context will hopefully reduce the prejudice the subscriber may face.

Strike 3 has filed thousands of similar lawsuits and requests to subpoena subscriber information from ISPs.  *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 23-CV-04339-RS, 2023 WL 6542326, at *2 (N.D. Cal. Sept. 22, 2023) (collecting cases).  At least one federal judge has also openly characterized Strike 3 as a "copyright troll" that uses its "swarms of lawyers [to] hound people who allegedly watch their content through BitTorrent."  *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161–62 (D.D.C. 2018) (describing the copyright troll's strategy as "file a deluge of complaints; ask the court to compel disclosure of the account holders; settle as many claims as possible; abandon the rest"), *rev'd and remanded*, 964 F.3d 1203 (D.C. Cir. 2020).

In practice, once subscribers are alerted that they are being sued, they may be pressured to quickly settle the matter to avoid the risk of having their names publicly associated with the lawsuit or to avoid the costs of hiring an expensive copyright legal specialist.  *See Strike 3 Holdings, LLC*, 2023 WL 6542326, at *2; *see also Strike 3 Holdings*, 351 F. Supp. 3d at 162 ("[O]nce the ISP outs the subscriber, permitting them to be served as the defendant, any future Google search of their name will turn-up associations with the websites Vixen, Blacked, Tushy, and Blacked Raw.").  As a result, many innocent ISP subscribers may be pressured to settle, despite several courts observing that "ISP subscribers may not be the individuals who infringed upon Strike 3's copyright."  *Strike 3 Holdings, LLC v. Doe*, No. 3:23-CV-01977-LB, 2023 WL 4003723, at *3 (N.D. Cal. May 9, 2023) (collecting cases); *see also Strike 3 Holdings*, 351 F.

Case No.: 26-cv-01466-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA

Supp. 3d at 162 ("[I]nferring the person who pays the cable bill illegally downloaded a specific file is even less trustworthy than inferring they watched a specific TV show.").  Moreover, if a defendant moves to confront a "copyright troll" or exhibits any serious resistance, the company can simply drop the case and avoid any unfavorable judicial rulings.  *See Strike 3 Holdings*, 351 F. Supp. 3d at 162 ("These serial litigants drop cases at the first sign of resistance, preying on low-hanging fruit and staying one step ahead of any coordinated defense.").

### B.    Good Cause

Turning to the merits of Strike 3's *ex parte* application, the Court finds that Strike 3 has demonstrated good cause for early discovery under the four *seescandy.com* factors.

First, Strike 3 has identified the Doe Defendant with sufficient specificity for the Court to determine that the Doe Defendant is a real person who may be sued in federal court.  The complaint alleges that BitTorrent's protocols require the activity of a human user to share movies within the BitTorrent network.  Compl. ¶¶ 17–26.  Strike 3 also used Maxmind geolocation technology to trace the IP address it procured through its VXN Scan detection software to a geographic location within this District.  *Id.* ¶ 9.

Second, Strike 3 has recounted the steps it took to locate and identify the Doe Defendant.  In addition to the geolocation and infringement detection technology already described, Strike 3 attempted to associate the IP address with an individual using various web search tools and consultations with computer investigators and cyber security consultants.  Appl. at 10.

Third, Strike 3 has preliminarily demonstrated that its action can withstand a motion to dismiss.  "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106."  *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).  A copyright holder's rights under § 106 include the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work.  17 U.S.C. § 106.  Here, Strike 3 alleges that it owns valid, registered copyrights to adult movies that

United States District Court
Northern District of California

Case No.: 26-cv-01466-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA
4

the Doe Defendant downloaded, copied, and distributed without permission.  Compl. ¶¶ 2, 4, 46 – 49, 52–54; *see also id.*, Ex. A (listing registration information to the asserted copyrighted works). Accepting these allegations as true, the Court finds that the complaint can withstand a motion to dismiss.

Finally, Strike 3 has shown that the discovery it seeks is reasonably likely to lead to identifying information that will enable service of process on the Doe Defendant. Specifically, Strike 3 only seeks the name and address of the Doe Defendant and has represented that the "only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address is Defendant's ISP." Appl. 6 (citing *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018)).

In sum, the Court finds that Strike 3 has satisfied all four *seescandy.com* factors and thus presents good cause for its requested expedited discovery.

### C.   Protective Order

Though Strike 3 is entitled to a pre-discovery subpoena, the Court retains authority under Federal Rule of Civil Procedure 26(c) to grant a sua sponte protective order for good cause. *See, e.g., McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); Fed. R. Civ. P. 26(c).  In this case, the Court finds that there is good cause to implement limited protective measures to shield a potentially innocent and unwitting ISP subscriber from undue prejudice. Strike 3 does not oppose establishing procedural safeguards to respect privacy interests.  Appl. at 12–13.  Consistent with the protective measures undertaken by many other courts in this District, the Court will employ procedures to treat as confidential any personal information regarding the Doe Defendant that Comcast or any other ISP produces to Strike 3.  The Court will also permit and consider any request by the Doe Defendant to proceed anonymously under a pseudonym.

### IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Strike 3's *Ex Parte* Application with respect to Defendant Doe, Subscriber Assigned IP Address 73.92.70.50, as follows:

1. Strike 3 may serve a Rule 45 subpoena on Comcast, commanding Comcast to provide

Case No.: 26-cv-01466-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA
5

United States District Court
Northern District of California

Strike 3 with the true name and address of the Doe Defendant to whom Comcast assigned an IP address as set forth in Exhibit A to the Complaint. Strike 3 shall attach a copy of this Order to any such subpoena.

a. Strike 3 may serve a Rule 45 subpoena in the same manner as above on any ISP that is identified in response to the subpoena as a provider of Internet services to the Doe Defendant.

b. If Comcast qualifies as a "cable operator" per 47 U.S.C. § 522(5), then it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the Doe Defendant.

2. Within thirty (30) days of being served by Strike 3, Comcast shall serve the Doe Defendant subscriber assigned the IP address 73.92.70.50 with a copy of the subpoena and this Order.

3. Within thirty (30) days after he or she has been served with the subpoena and this Order, the Doe Defendant may file a motion to contest the subpoena, including a motion to quash or modify the subpoena.  The Doe Defendant may appear and proceed before this Court under a pseudonym by requesting that his or her personal identifying information be filed under seal.

a. If the Doe Defendant does not contest the subpoena within thirty days, Comcast may produce the information responsive to Strike 3's subpoena within ten (10) days.

4. Strike 3 may only use the information disclosed in response to its subpoena for the purpose of protecting and enforcing its rights as set forth in the Complaint.  Strike 3 may not publicly disclose the information obtained from its subpoena without leave of this Court.  All references to the Doe Defendant's identity shall be redacted and filed under seal until further notice.

5. Comcast or any other ISP that receives a subpoena pursuant to this Order shall confer with Strike 3 and may not assess any charge in advance of providing the information

Case No.: 26-cv-01466-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA
6

requested in the subpoena.  An ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost reports that serve as a basis for the billing summary and costs claimed by the ISP.

6. Comcast or any other ISP that receives a subpoena pursuant to this Order shall preserve any subpoenaed information pending the resolution of any timely filed motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 17, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 26-cv-01466-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA
7